The judgment of the Union County Court is affirmed.

HENRY McLAUGHLIN, CLAIMANT-APPELLANT, v. BOARD OF REVIEW, STATE OF NEW JERSEY, UNEMPLOYMENT COMPENSATION COMMISSION AND GAY NINETIES CLUB, INC., RESPONDENTS-APPELLEES.

Superior Court of New Jersey
Appellate Division

Argued January 30, 1950—Decided March 2, 1950.

Before Judges JACOBS, DONGES and BIGELOW.

*Mr. Charles C. Carroll* argued the cause for claimant-appellant (*Mr. Dominic Cavaliere*, attorney).

*Mr. Clarence F. McGovern*, attorney for and of counsel with Board of Review.

The opinion of the court was delivered by

DONGES, J. A. D.  This is an appeal from the decision of the Board of Review of the Unemployment Compensation Commission.

Claimant testified that he was a night club entertainer. He said that he appeared at the New York local office of the New Jersey Unemployment Compensation Commission on May 29, 1948, and was interviewed by the claims taker. He stated that she asked him many questions and filled out a claim form. He was quite certain that she handed him a book, but when asked whether he signed it, he was, at first, not able to remember. However, later he was more certain that he had signed the form. He further testified that the girl re-examined the form and then told him, "Oh, just wait a minute. Give me that book back. You have to file in New York first." This, she explained, was because he was a resident of New York and had wage credits against both states. He then went to the New York office and filed his

claim against that state. He received benefits from New York until January 19, 1949, when his benefits were exhausted.

After exhausting his New York benefits, he filed a new claim against New Jersey, but by this time his base year had changed, under the statute, and he became ineligible for benefits because his wage credits were less than the minimum required for eligibility. He appealed from this determination to the Appeal Tribunal contending that his claim should be predated to June, 1948, because of his attempt to file at that time. This tribunal ruled that claimant was ineligible for benefits. Thereupon, claimant appealed to the Board of Review, which affirmed the decision of the Appeal Tribunal. This appeal followed.

*R. S.* 43:21–5(f) provides in part that a person who has received or is seeking unemployment benefits under an unemployment compensation law of another state shall be disqualified for benefits in this State. The very purpose for this statute is to prevent persons from collecting benefits from more than one state for the same week. It may have been slightly more advantageous for the claimant to pursue his rights in New Jersey, but our statute forbids payment of benefits for the weeks with respect to which he has been paid by New York. His acceptance of benefits from New York barred his New Jersey claim.

The determination on this point renders it unnecessary to discuss the other questions raised.

The decision under review is affirmed.